UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON SALTER, #101124 | CIVIL ACTION NO. 15-1298 |
| VERSUS | SECTION "N" |
| N. BURL CAIN | MAGISTRATE (3) |

## MEMORANDUM IN OPPOSITION TO APPLICATION FOR HABEAS CORPUS

**MAY IT PLEASE THE COURT:**

This Memorandum is filed on behalf of Warren Montgomery, District Attorney for the Parish of St. Tammany, State of Louisiana in opposition to the application for habeas corpus relief filed by petitioner herein.

## STATEMENT OF THE CASE

Petitioner, Aaron Salter (hereinafter referred to as "Salter"), is a state court prisoner incarcerated following a guilty verdict of one count of aggravated burglary. Petitioner was adjudicated a fourth felony offender and sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. The conviction, multiple offender adjudication

and sentence were affirmed by the First Circuit Court of Appeal, and the related writ application was denied by the Louisiana Supreme Court.

## LAW AND ARGUMENT

### Timeliness and Exhaustion

The federal habeas corpus application filed herein by petitioner must be filed in accordance with the requirements of 28 U.S.C. 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA applies to this case since it was filed after the enactment of the AEDPA, which became effective on April 24, 1996. Leonard v. Hubert, 2001 WL 333123 (E.D. La. 2001). The AEDPA established a one (1) year statute of limitations for the filing of federal habeas applications. 28 U.S.C. 2244(d)(1).

Pursuant to 28 U.S.C. §2244(d)(1)(A), this one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, the First Circuit Court of Appeal affirmed the conviction, multiple offender adjudication and sentence on September 21, 2012 (2011-KA-2330), and the Court denied petitioner's application for rehearing on October 25, 2012. The Louisiana Supreme Court denied petitioner's related writ application on May 3, 2013 (2012-K-2518). Accordingly, petitioner's conviction became final ninety days later on August 1, 2013, when his deadline for seeking review with the United States Supreme Court expired.

The AEDPA provides for interruption of the one year limitations period, stating that "the time during which a properly filed application for state post conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection". 28 U.S.C. §2244(d)(2). By its plain language, the statute at issue, 28 U.S.C. §2244(d)(2), does not create a new full one year term within which a federal habeas petition may be filed at the conclusion of state court post conviction proceedings. Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998). Because this statute is a tolling provision, the time during which state court post conviction proceedings are pending must merely be subtracted from the one year limitations period. *See* Flanagan, *supra*. For a post conviction application to be considered "properly filed" within the meaning of §2244(D)(2), the applicant must conform with a state's applicable procedural filing requirements. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Salter's time limitation began running on August 1, 2013 and continued running for 39 days until he signed his application for post-conviction relief on September 10, 2013. After his application was denied by the trial court, he sought review with the First Circuit Court of Appeal and the Louisiana Supreme Court, which denied his writ applications on February 27, 2014 and December 8, 2014, respectively. His time began to run again at that time and continued running for 132 more days (171 total) until he signed this habeas petition on April 20, 2015. Therefore, it appears this action is timely.

**Exhaustion of State Court Remedies**

The exhaustion doctrine, generally codified in 28 U.S.C. 2254(b) and (c), requires that a state prisoner's entire federal habeas petition be dismissed unless his state remedies have

been exhausted as to all claims raised in the federal petition. Graham v. Johnson, 94 F.3d 958 (5th Cir. 1996). *See also* Alexander v. Johnson, 163 F.3d 908 (5th Cir. 1998), which held that a habeas petition containing both exhausted and non-exhausted claims is a mixed petition which should be dismissed without prejudice. Generally, the exhaustion requirement is satisfied only when the specific constitutional grounds urged in a federal habeas petition were fairly presented to the State's highest court. Mercandel v. Cain, 179 F.3d 271 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to each of the state courts through to the highest court of the state in a procedurally proper manner. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.1982).

Salter raises three claims herein: (1) insufficient evidence; (2) trial court error in overruling several testimonial objections; and (3) ineffective assistance of appellate counsel for failing to raise issues of prosecutorial misconduct. The first two claims were raised in petitioner's direct appeal to the First Circuit Court of Appeal. However, the related writ application to the Louisiana Supreme Court only raised the errors in the testimonial objections and did not raise the issue of insufficient evidence. Accordingly, the State submits the issue of insufficient evidence is not exhausted. The third claim herein was raised in petitioner's application for post-conviction relief and the related writ applications filed with the First Circuit Court of Appeal and the Louisiana Supreme Court and is exhausted.

Page 4

As a mixed petition containing both exhausted and unexhausted claims, this action is subject to dismissal without prejudice. Nevertheless, the State will further address the merits of petitioner's exhausted claims below.

**Standard of Review**

This Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. 2254, which provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall only be entertained on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. A federal court may grant a writ of habeas corpus only if a state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. Absent such a direct conflict with the United States Supreme Court, the writ of habeas corpus is available only if the state court unreasonably applies clearly established federal law, as determined by the United States Supreme Court, to the facts of the prisoner's case, or makes an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The standard is one of objective reasonableness. Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000). Furthermore, state court factual determinations shall be presumed correct unless rebutted by "clear and convincing evidence". Williams v. Cain, 125 F.3d 269 (5th Cir. 1997).

In Cullen v. Pinholster, docket no. 09-1088, 131 S.Ct. 1388 (2011), the Supreme Court addressed the issue of "whether review under §2254(d)(1) permits consideration of

evidence introduced in an evidentiary hearing before a federal habeas court". *Id* at 1398. The Court held that review under §2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits". *Id* at 1398. §2254(d)(1) applies to claims that were adjudicated on the merits in state court proceedings and provides that a federal habeas application shall not be granted with respect to such claim, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Section 2254(d) applies even where there has been a summary denial." Pinholster, *supra* at 1402. In these circumstances, a petitioner "can satisfy the 'unreasonable application' prong of §2254(d)(1) only by showing that 'there was no reasonable basis'" for the state court's decision. Pinholster, *supra* at 1402.

The State submits that review in this case is limited to the record that was before the state court, and no evidentiary hearing should be held herein.

## Claim 2 - Evidentiary Objections

In his second claim herein, petitioner asserts the trial court erred in denying three evidentiary objections lodged by his trial counsel.

In the first two instances, petitioner objects to the trial court's denial of hearsay objections. In the third instance, petitioner objects to the trial court's denial of an objection

on the basis that it called for a legal conclusion. These alleged errors were raised by petitioner in his direct appeal. The First Circuit Court of Appeal summarized the facts of this case as follows:

> On August 26, 2007, the defendant knocked at Turner's door. Turner opened the door and saw the defendant had a white female, later identified as J.B., with him, whom she had never seen before. The defendant wanted to smoke crack cocaine in Turner's trailer. Turner told the defendant he could not stay in the trailer. The defendant stated he and J.B. did not have any more money for a hotel. Turner told them they could park by her trailer and sleep in the defendant's car. The defendant and J.B. went to the defendant's car, and Turner locked her door and went to bed.
>
> Subsequently, J.B. knocked at Turner's door and asked to use the bathroom. Turner let J.B. in and locked the door. Turner saw bruises on J.B.'s arm, neck, and back. J.B. was 'very upset, crying and shaking.' She stated the defendant had 'kidnapped her for three days,' had forced her to have sex with him, had beaten her, and had been 'making her trick.' J.B. claimed that if she did not bring the defendant drugs or money, he would beat her. J.B. stated, 'I can't go back out there. I am scared.' Turner told J.B. that she would not let her go back outside, and that the defendant 'wasn't coming inside.' Turner placed a hammer, which she kept in her trailer for protection, in her lap. Thereafter, the defendant began beating and pulling on Turner's door 'like a madman.' He pulled the door open, and Turner struck him with her hammer. The defendant pushed aside, grabbed J.B. by her hair, and pulled her out of the trailer. Turner called out to her neighbors for help, and three neighbors responded. They pulled J.B. away from the defendant and began beating him. The defendant ran to his vehicle and fled from the scene. J.B. was taken to the hospital. She did not testify at trial. *See* Judgment, First Circuit Court of Appeal, no. 2011-KA-2330, p. 2-3.

The Court of Appeal rejected these evidentiary claims, noting that prior to trial, the trial court denied petitioner's motion seeking to exclude evidence concerning the aggravated rape and kidnapping that occurred in the days preceding this incident. The trial court found that such evidence was interrelated and intertwined with the charged offense to such an

extent that the State could not accurately present its case without reference to it, and the evidence was necessary to establish the felony intended when petitioner entered Turner's trailer.  *See* Judgment, First Circuit Court of Appeal, no. 2011-KA-2330, p. 8-9.

In the first objection at issue, Turner testified as to J.B.'s allegations to her about petitioner.  The trial court overruled the objection, finding it was part of the res gestae.  As to this objection, the Court of Appeal found the testimony was not offered to prove the truth of the matter asserted, but was offered to show why Turner wanted to keep petitioner out of her trailer.  In finding no error in the trial court ruling, the Court of Appeal found J.B.'s allegations were related to conduct that constituted an integral part of the aggravated burglary.  *See* Judgment, First Circuit Court of Appeal, no. 2011-KA-2330, p. 9.

In the second objection, Det. Lunsford was allowed to testify, over the hearsay objection, that Turner told him she had defended J.B. after she came to her door and told her she had been raped and was being held against her will.  The Court of Appeal also rejected this claim, noting the testimony was cumulative of Turner's testimony, and error, if any, was harmless.  *See* Judgment, First Circuit Court of Appeal, no. 2011-KA-2330, p. 10.

In the third objection at issue herein, petitioner's counsel objected to testimony of Det. Lunsford as calling for a legal conclusion when he was asked whether, based on the facts that he knew at the time of trial, there was an offense for which he would have pursued a warrant for the events at issue.  The Court of Appeal found that the testimony explained why no photographs were taken of, and no physical evidence was collected in regard to, the damage to Turner's door.  In the opening statement, the defense had placed the absence of such

evidence at issue. The Court of Appeal found the evidence was not unduly prejudicial, and the detective was not testifying as an expert.

A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." Wilkerson v. Whitley, 16 F.3d 64, 67 (5th Cir.1994) (quotation omitted). Habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Claims concerning the allegedly erroneous admission of evidence may support federal habeas corpus relief only if the state court evidentiary rulings violate due process in such a way as to render the criminal proceedings fundamentally unfair. Gonzales v. Thaler, 643 F.3d 425, 430 (5th Cir.2011). "Federal habeas corpus relief may be granted on erroneous state evidentiary rulings only if the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial." Thomas v. Lynaugh, 812 F.2d 225, 230 (5th Cir.1987) (citations omitted). The question of whether evidence is constitutionally admissible is a mixed question of law and fact. Under the applicable standard of review, this court therefore must determine if the state court's decision to admit the evidence is contrary to or involved an unreasonable application of Supreme Court precedent. Livingston v. Johnson, 107 F.3d 297, 309 (5th Cir.), *cert. denied,* 522 U.S. 880 (1997).

Petitioner has not met his burden of proving the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it

Page 9

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The State submits these claims are without merit.

**Claim 3 - Ineffective Assistance of Appellate Counsel**

In his third claim, petitioner argues he received ineffective assistance of appellate counsel for failing to raise and argue prosecutorial misconduct in his direct appeal. The prosecutorial misconduct alleged by petitioner is his assertion that the State intentionally concealed the reliability of J.B. and knew she was a liar, the State charged him with a crime, i.e. aggravated burglary, for which he was never arrested, and the State vindictively sought his adjudication as a multiple offender.

The State submits there was no evidence in the record or basis to support any claims of prosecutorial misconduct. Moreover, appellate counsel can only legitimately raise errors that were asserted to the trial court. Petitioner makes no reference to the raising of these issues to the trial court. While petitioner includes argument regarding the hearsay issues, appellate counsel did raise those errors on appeal. With regard to the veracity of J.B., this trial and conviction did not concern the alleged rape or kidnapping of J.B. in the preceding days, but rather, petitioner's actions in forcibly breaking into Turner's trailer. Whether J.B. was lying or telling the truth to Turner, as the Court of Appeal found, those statements were not introduced for their truth, but rather to explain the motivation for Turner keeping petitioner from entering the trailer. With regard to his prosecution for a different crime than that for which he was initially arrested and charged, La. C.Cr.P. art. 61 provides that the

district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute. The district attorney had the discretion to determine the charges to be prosecuted. With regard to the multiple offender adjudication, petitioner admits the district attorney was well within his discretion to file the multiple offender bill. There is no evidence of vindictiveness, only the pure speculation and unsupported musings of petitioner.

In order to establish an ineffective assistance of counsel claim, petitioner must meet the two prong test set forth in Strickland v. Washington, 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and that counsel's errors prejudiced the defense. In evaluating the performance of counsel, the inquiry must be whether counsel's assistance was reasonable considering all of the circumstances. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

The burden of proof lies with the petitioner, and the petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable professional assistance. An attorney's performance generally carries with it a strong presumption of adequacy and is only deficient if it is objectively unreasonable. An analysis

of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  Lambert v. Cain, 2001 U.S.Dist. Lexis 3487 (E.D. La. 2001).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." "Judicial scrutiny of counsel's performance must be highly deferential."  Strickland, *supra* 466 U.S. at 689, 104 S.Ct. 2052.

The State submits that there was no valid basis for these claims to be raised by appellate counsel based upon the testimony and evidence in the record.  Petitioner has failed to prove either prong of his Strickland claim.  Petitioner has not met his burden of proving the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  The State submits this claim is without merit.

## **CONCLUSION**

For the foregoing reasons, the State respectfully submits that petitioner's Application for Habeas Corpus Relief should be dismissed.

        Respectfully submitted:

By: s/Kathryn Landry_____
   KATHRYN LANDRY, Bar No. 19229
   P. O. Box 82659
   Baton Rouge, LA 70884
   Telephone:  (225) 766-0023
   Facsimile: (225) 766-7341

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been mailed to the opposing party herein:

Aaron Salter #101124
Louisiana State Penitentiary
Camp D, Eagle 1
Angola, LA 70712

Baton Rouge, Louisiana this 29th day of July, 2015.

      s/Kathryn Landry_____
      KATHRYN LANDRY