UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AARON SALTER**                                                 **CIVIL ACTION**

**versus**                                                       **NO. 15-1298**

**N. BURL CAIN**                                                 **SECTION: "N" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Aaron Salter, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On July 15, 2011, he was convicted of aggravated burglary under Louisiana law.[1] On October 10, 2011, he was found to be a fourth offender and was sentenced as

---

[1] State Rec., Vol. III of VIII, transcript of July 15, 2011, p. 678; State Rec., Vol. I of VIII, minute entry dated July 15, 2011; State Rec., Vol. I of VIII, jury verdict form.

such to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2] On September 21, 2012, the Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence.[3] The Louisiana Supreme Court then denied his related writ application on May 3, 2013.[4]

On or about September 9, 2013, petitioner filed an application for post-conviction relief with the state district court.[5] That application was denied on September 23, 2013.[6] His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on February 27, 2014,[7] and by the Louisiana Supreme Court on December 8, 2014.[8]

On April 20, 2015, petitioner filed the instant federal application seeking *habeas corpus* relief.[9] The state filed a response conceding that the application is timely but arguing that

---

[2] State Rec., Vol. III of VIII, transcript of October 10, 2011; State Rec., Vol. I of VIII, minute entry dated October 10, 2011; State Rec., Vol. I of VIII, Written Reasons dated October 12, 2011.

[3] State v. Salter, No. 2011 KA 2330, 2012 WL 4335430 (La. App. 1st Cir. Sept. 21, 2012); State Rec., Vol. IV of VIII.

[4] State v. Salter, 113 So.3d 209 (La. 2013) (No. 2012-K-2518); State Rec., Vol. IV of VIII.

[5] State Rec., Vol. IV of VIII.

[6] State Rec., Vol. IV of VIII, Order with Reasons dated September 23, 2013.

[7] State v. Salter, No. 2013 KW 1798 (La. App. 1st Cir. Feb. 27, 2014); State Rec., Vol. IV of VIII.

[8] State *ex rel.* Salter v. State, 153 So.3d 432 (La. 2014) (2014-KH-0639); State Rec., Vol. IV of VIII.

[9] Rec. Doc. 3.

it should be dismissed because petitioner failed to exhaust his remedies in the state courts.[10] The state is correct.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

Therefore, for the federal exhaustion requirement to be met, "a petitioner must have fairly presented the substance of his claim[s] to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837

---

[10] Rec. Docs. 11 and 12.

F.2d 699, 702 (5th Cir. 1988).  Accordingly, to determine whether the instant federal claims are exhausted, this Court must compare those claims to the ones petitioner presented to the Louisiana Supreme Court.

In his federal application, petitioner asserts three claims:

I.  There was insufficient evidence to support his conviction;

II.  The state trial court made erroneous evidentiary rulings; and

III.  Petitioner received ineffective assistance of counsel on appeal.[11]

In its response, the state argues that only two of petitioner's claims are exhausted: his second claim, having been raised in Louisiana Supreme Court case number 2012-K-2518 on direct review, and his third claim, having been raised in Louisiana Supreme Court case number 2014-KH-0639 on collateral review.  However, the state contends that his first claim challenging the sufficiency of the evidence is unexhausted because, although he raised that claim to Louisiana First Circuit Court of Appeal on direct review, he **omitted** the claim when he filed his related writ application with the Louisiana Supreme Court.[12]  A review of the writ application from case number 2012-K-2518 confirms the state's contention.[13]

Accordingly, petitioner's federal application is a mixed petition and should be dismissed without prejudice on that basis.  Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998)

---

[11] Rec. Doc. 3, pp. 17-18.

[12] Rec. Doc. 12, p. 4.

[13] A copy of that writ application appears in Volume VII of the state court record.

("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Aaron Salter be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this eighteenth day of August, 2015.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.